Donald RUDD, et al., Appellant,

v.

## METROPOLITAN ST. LOUIS SEWER DISTRICT, Respondent.

No. ED 86648.

Missouri Court of Appeals, Eastern District, Division Two.

May 9, 2006.

Application for Transfer to Supreme Court Denied June 13, 2006.

Application for Transfer Denied Aug. 22, 2006.

1. All further statutory references herein are to RSMo (2000) unless otherwise indicated.

George O. Suggs, Schuchat, Cook & Werner, St. Louis, MO, for appellant.

Paula Eckrich, The Metropolitan St. Louis Sewer District, St. Louis, MO, for respondent.

KENNETH M. ROMINES, J.

Appellants appeal the St. Louis City Circuit Court's (Court's) Judgment, which affirmed the Metropolitan St. Louis Sewer District's (MSD's) decision to repeal Ordinance No. 11422. We affirm.

## Facts

This case involves MSD's unilateral decision to void a term of an agreement that was reached with a union pursuant to Section 105.520 RSMo. (2000).[1]

Appellants are members of the Executive Board (Board) of Service Employees International Union Local 50, which is now Local 1 (Union). Union represents MSD employees.

A Memorandum of Understanding (MOU) was created after Union and MSD engaged in "meet and confer" communications and agreed to a discretionary pay grade advancement schedule. On 23 January 2003, this MOU was codified by the MSD Board of Trustees (Trustees) in Ordinance No. 11422. However, on 12 June 2003, the Trustees adopted Ordinance No. 11524, which repealed Ordinance No. 11422 and froze all "step" or "merit" pay increases for Union members.

Appellants filed a Petition with the Circuit Court, and claimed that MSD breached its agreement with Union. Appellants asked the Court to order MSD to comply with the MOU and refrain from rescinding other MOU provisions, and to award Appellants costs.

The Court, the Honorable David Dowd, affirmed the actions of the Trustees. Relying on *Sumpter v. City of Moberly*, 645 S.W.2d 359 (Mo. banc 1982), Judge Dowd found that, because Section 8.070 of MSD's Charter Plan[2] reserved MSD's power to control employee salaries and working conditions, the Board's action was lawful.

---

1. All statutory references are to RSMo. (2000).

2. Section 8.070 of MSD's Charter Plan provides that "the Board shall ... by ordinance prescribe working conditions, salaries, vacations, sick leave, or other compensation or benefits of all other officers and employees of the District."

## Standard of Review

On appeal of a non-contested case, this court reviews the Circuit Court's judgment; not the administrative agency's decision. *Cade v. State,* 990 S.W.2d 32, 37 (Mo.App. W.D.1999). Our review of the Court's decision is dictated by Rule 73.01 as construed in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *Cade* at 37; citing *Phipps v. School Dist. Of Kansas City,* 645 S.W.2d 91, 94–961 100 (Mo. App. W.D.1982).We review the Court's judgment to determine whether its finding rests on substantial evidence and correctly declares and applies the law. *Cade* at 37.

## Discussion

Appellants argue that the legislature intended Section 105.520 to authorize binding agreements between unions and administrative agencies. Thus, Appellants assert that *Sumpter* was wrongly decided, and MSD lacks the authority to void agreements with Union. We disagree.

Section 105.520 states as follows:

Whenever such proposals are presented by the exclusive bargaining representative to a public body, the public body or its designated representative or representatives shall meet, confer and discuss such proposals relative to salaries and other conditions of employment of the employees of the public body with the labor organization which is the exclusive bargaining representative of its employees in a unit appropriate. Upon the completion of discussions, the results shall be reduced to writing and be presented to the appropriate administrative, legislative or other governing body in the form of an ordinance, resolution, bill or other form required for adoption, modification or rejection.

The scope of Section 105.520 was previously visited in *Sumpter, supra. Sumpter* interpreted Section 105.520 as follows:

"when a proposal is submitted to a public body (whether it be an administrative, legislative or other governing body), it has a duty to consider and act on such proposal. It may reject, modify, or adopt. If it decides to adopt the proposal ... [t]he result ... will not be a binding collective bargaining contract." *Sumpter,* 645 S.W.2d 359, 363.

*Sumpter* and the plain language of Section 105.520 clearly indicate that the statute did not mandate binding agreements between unions and administrative agencies, and we are compelled to follow this authority. Additionally, Section 8.070 of MSD's Charter Plan reserved MSD's power to control employee salaries and working conditions. MSD was free to repeal Ordinance No. 11422 and eliminate the pay grade advancement schedule. The judgment is affirmed.

GARY M. GAERTNER, SR., P.J., and GEORGE W. DRAPER III, J. concur.